UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

VERONICA ELDER                               CIVIL ACTION 11-0631

VERSUS                                       U.S. DISTRICT JUDGE TRIMBLE

COMMISSIONER                                 U.S. MAGISTRATE JUDGE  KIRK

REPORT AND RECOMMENDATION ON ATTORNEY FEES

In this case, plaintiff asks the court for an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. 2412(d), hereinafter "EAJA" [**Doc. # 19**].  The government's position in this case was not substantially justified.

The EAJA provides in relevant part that the amount of fees awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee." §2412(d)(A)(ii).

The $125.00 rate can certainly be exceeded if the court determines that a higher fee is justified by inflation.  However, "a district court, in its discretion, may determine that a fee below the established ceiling is a reasonable attorney's fee award based on the facts of a particular case." Hall v. Shalala, 50 F.3d 367, 370 (5th Cir. 1995).  In other words, the court is not required to use the maximum inflation adjusted rate or even to award the statutory rate.  The rate to be applied is to be based upon prevailing market rates subject to a statutory cap; the cap is not the

baseline.

I find that, in this case in the relevant legal community, a fee of $150.00 per hour is a reasonable attorney fee and serves the goals of the EAJA by helping to ensure an adequate source of representation in social security appeals and minimizing the cost of that representation to the taxpayers.  The award also serves to maintain consistency among the judges in this district.  See Magistrate Judge Hayes' excellent analysis in Williams v. Astrue, docket number 07-2124 on the docket of the Monroe Division of this court. This District has adopted $150 as presumptively reasonable in cases under the Act. See Clifton v. Astrue, 10-417, Wyatt v. Astrue, 10-0887, both on the docket of this Division of the WDLA.

Claimant's attorney has requested payment for a total of 30.30 hours legal work totaling $4,545. The government has not filed a response to the motion. Claimant's attorney has submitted a statement of her time which the court has reviewed and finds was reasonable and necessary.

## Conclusion

For the foregoing reasons, IT IS RECOMMENDED that attorney's fees and costs in the amount of $4,545 be awarded and ordered paid.

## **OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing.  Timely objections will be considered by the district judge before he makes

his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 9th day of July 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE